IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIAN C. DAVISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEBORAH ROSE, TRACY STEPHENS, )<br>ERIC HORNBERGER, JILL TURGEON, BRENDA )<br>SHERIDAN, JEFFREY MORSE, WILLIAM FOX, )<br>KEVIN KUESTERS, JOY MALONEY, ERIC )<br>DEKENIPP, and SUZANNE DEVLIN, )<br>)<br>In their official and individual capacities, )<br>)<br>AND )<br>)<br>LOUDOUN COUNTY SCHOOL BOARD, )<br>)<br>Defendants. ) | Civil Action No. 1:16-cv-540<br>(ATJ/MSN) |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S MOTION TO TERMINATE STAY AND REINSTATE CASE TO DOCKET**

COME NOW the defendants Deborah [sic] Debra Rose ("Rose"), Tracy Stephens ("Stephens"), Eric Hornberger ("Hornberger"), Jill Turgeon ("Turgeon"), Brenda Sheridan ("Sheridan"), Jeffrey Morse ("Morse"), William Fox ("Fox"), Kevin Kuesters ("Kuesters"), Joy Maloney ("Maloney"), Eric Dekenipp ("Dekenipp"), Suzanne Devlin ("Devlin") and Loudoun County School Board ("LCSB" or "School Board"), by counsel, and in reply to Brian Davison's ("Davison") most recent filing, in which he requests lifting of the court's previously issued stay and reinstatement,  responds as follows:

At hearing on defendants' Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the court denied defendant's Motion to Dismiss under Rule 12(b(1) based on the *Rooker-Feldman* doctrine, stayed the matter citing multiple abstention doctrines pending outcome of the

state court proceeding in *Davison v. Loudoun County School Board,* Case No. CL00098468-00[1]. See Order entered July 8, 2016 (Document 11). The court's ruling was without prejudice to the relief sought by defendants in support of their Rule 12(b)(6) arguments. The court has not yet ruled on those arguments.

Davison's motion to reinstate also asks the court to docket the matter for discovery and final pretrial conference. Defendants request that the court not docket the matter for discovery or final pretrial at this time, stay any discovery, pending outcome of hearing on defendants' 12(b)(6) motion. Defendants raised substantive arguments to all of Davison's claims in support of their Motion to Dismiss for failure to state claims. Attached to this submission and marked as Exhibit 60 is a true, accurate and authentic copy of the recent Order entered by the state court on August 5, 2016, in Case No. 98468, in which Davison's Petition for Review filed pursuant to Virginia Code § 22.1-87, which included federal constitutional claims, was dismissed <u>with prejudice</u>.

Prior to reinstatement of any scheduling Order, final pretrial conference date, and other discovery matters, defendants request that this court hear argument on the 12(b)(6) motions which were previously briefed. In addition to those arguments, the fact that Davison's state court Petition for Review has been dismissed with prejudice precludes any attempt in this court to litigate those matters raised in the dismissed proceeding because the dismissal with prejudice is a final Order as to those matters raised and every claim included in the petition he filed or which Davison, in the exercise of reasonable diligence, might have raised at the time. *Southern R.R. Co. v. Washington,* 102 Va. 483, 491(1904); *Flora, Flora & Montague, Inc. v. Saunders,* 235 Va. 306, 310-11 (1988).

---

[1]Defendants' Exhibit 50 in support of their Rule 12(b)(6) motion.

Davison's claims in the dismissed state court case are also barred due to the mandatory 30 day filing period within any challenge to the School Board's actions as complained of in that suit which has expired under § 22.1-87. Parents aggrieved by an action of the school board may petition the circuit court to review that action subject to Virginia Code § 22.1-87[2], which provides a 30-day period after the action complained of within which a valid petition must be filed and sets forth the scope and standard of review in such proceedings. The provisions of § 22.1-87 are strictly construed. *Town of Leesburg v. Giordano,* 276 Va. 318, 324 (2008)(statutory 30 day limitation period for review requires court to strictly construe a statute).

As to whether Davison received all the procedural process he was due under the United States Constitution, that question is answered emphatically in favor of the defendants based on the record of the School Board proceedings produced in Exhibits 50-54 filed in support of their Motion to Dismiss. Davison had notice of the actions to be taken against him, the bases of those actions, and opportunity to respond. He cannot now attempt to litigate in this court, including discovery, on whether he should have been issued the no trespass letters banning him from his children's elementary school. Virginia Code § 22.1-87 controls review of School Board actions such as these which are challenged by Davison and he voluntarily withdrew and dismissed with prejudice his suit related to any allowed challenge to the School Board actions. Even if the matter had proceeded in state court under § 22.1-87, Davison would not be entitled to full blown

---

[2]Virginia Code Ann. § 22.1-87 provides that any parent, custodian, or legal guardian of a pupil attending the public schools in a school division who is aggrieved by an action of the school board may, within thirty days after such action, petition the circuit court having jurisdiction in the school division to review the action of the school board. Such review shall proceed upon the petition, the minutes of the meeting at which the school board's action was taken, the orders, if any, of the school board, an attested copy of the transcript, if any, of any hearing before the school board, and any other evidence found relevant to the issues on appeal by the court. The action of the school board shall be sustained unless the school board exceeded its authority, acted arbitrarily or capriciously, or abused its discretion.

discovery and trial on all issues as attempted in this case because the provisions of the allowable review are limited.

WHEREFORE, for all of the foregoing reasons, and for the reasons and arguments set forth in defendants' Memorandum in Support of Motion to Dismiss, their original Reply Memorandum, all of which defendants continue to rely upon and assert, and any additional reasons to be argued at hearing of this matter, defendants pray that this court grant their Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss all counts and claims with prejudice.

**DEBRA ROSE, TRACY STEPHENS, ERIC HORNBERGER, JILL TURGEON, BRENDA, SHERIDAN, JEFFREY MORSE, WILLIAM FOX, KEVIN KUESTERS, JOY MALONEY, ERIC DEKENIPP, SUZANNE DEVLIN, and LOUDOUN COUNTY SCHOOL BOARD**

By Counsel

_____/s/_____
Julia B. Judkins, VSB No. 22597
Heather K. Bardot, VSB No. 37269
Catherine J. Carre, VSB No. 76581
BANCROFT, McGAVIN, HORVATH & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
jjudkins@bmhjlaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of August, 2016, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Michael A. Bragg, VSB No. 16797
>Bragg Law
>P.O. Box 1866
>Abingdon, Virginia 24212
>(276) 628-9160
>bragglaw@bvu.net
>*Counsel for Plaintiff*

>_____/s/_____
>Julia B. Judkins, VSB No. 22597
>BANCROFT, McGAVIN, HORVATH
> & JUDKINS
>9990 Fairfax Boulevard, Suite 400
>Fairfax, Virginia 22030
>Telephone:    (703) 385-1000
>Facsimile:    (703) 385-1555
>jjudkins@bmhjlaw.com
>*Counsel for Defendants*